UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Elizabeth CASTRO,  ) | | |
| Luis VIERA TROCHEZ,  ) | | |
| Plaintiffs,  ) | | |
| ) | | |
| v.  ) | No. _____ | |
| ) | | |
| Antony J. BLINKEN, Secretary,  ) | Agency Case BGT2014723009 | |
| Department of State;  ) | | |
| Ian G. BROWNLEE, Assistant  ) | | |
| Secretary of State;  ) | | |
| Merrick GARLAND, Attorney  ) | | |
| General.  ) | | |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS,
AND FOR DECLARATORY JUDGMENT

COMES NOW, ELIZABETH CASTRO and LUIS VIERA TROCHEZ, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on a Petition for Alien Relative (Form I-130) and the attendant application for immigrant visa, hereinafter referred to as "petition," properly filed by the Plaintiff Elizabeth CASTRO on behalf of her husband, Luis

1

VIERA TROCHEZ.  The Plaintiff's petition was approved by U.S. Citizenship and Immigration Service (USCIS) on July 8, 2014. It was subsequently forwarded to the U.S. Department of State, specifically the U.S. Consulate in Bogota, Colombia.  The Plaintiff's husband, Luis VIERA TROCHEZ, was interviewed at the that Consulate in 2019 and was denied due to an allegation that he was inadmissible pursuant to 8 U.S.C. Section 1182(a)(2)(C)(i), alleging that he was a trafficker of controlled substances. The denial of the immigrant visa by the Defendants was arbitrary and capricious and not in accordance with law.

## PARTIES

2. Plaintiff Elizabeth CASTRO is a United States citizen.  She is the Petitioning spouse of Luis VIERA TROCHEZ, and she filed an Immigrant Visa petition on his behalf on or about January 16, 2014.
3. Plaintiff Luis VIERA TROCHEZ, is the spouse of Plaintiff Elizabeth CASTRO, and an applicant for an immigrant visa as the spouse of a United States citizen.
4. Defendant Antony J. BLINKEN, is the Secretary of the Department of State (DOS).  His jurisdiction includes the Plaintiff's residence, and he is the head of the agency that has denied Plaintiff's petition.  He is sued in his official capacity only.
5. Defendant Ian G. BROWNLEE, is the Assistant Secretary of State for Consular Affairs, Department of State (DOS). His jurisdiction includes the Plaintiff's U.S. residence and U.S. Consulates abroad. He is sued in his official capacity only.

6. Defendant Merrick GARLAND, is the Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 USC section 1103(g). He is sued in his official capacity only.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. 2201 et. Seq. (Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred, and where the Plaintiff resides, and no real property is involved.

## EXHAUSTION OF REMEDIES

9. The Plaintiff has exhausted all administrative remedies. The petition was properly lodged with the Defendants and the resulting interview and request for documents was completed by May 9, 2019. The Plaintiff, personally and through counsel, has made numerous inquiries with Defendants as to the circumstances underlying the denial of the petition to no avail. Defendants have not established any reasonable alternative means by which the Plaintiff could resolve this matter short of litigation.

## STATEMENT OF FACTS

10. On January 16, 2014, the Plaintiff, Elizabeth Castro, filed a petition for alien relative (Form I-130) with U.S. Citizenship and Immigration Services (USCIS), for her husband, Luis Viera Trochez. Said petition was approved by USCIS on July 8, 2014, and sent to the U.S. Department of State for further processing.

11. Prior to being schedule for an immigrant visa interview, Plaintiff Viera Trochez, applied for and was granted a provisional unlawful presence waiver by the US Citizenship and Immigration Service (USCIS), and during the course of that application he was fingerprinted, and his criminal record was checked and cleared by that agency based on his biometric information. All of those documents and information was submitted to the Defendants.

12. Plaintiff Viera Trochez attended an interview at the U.S. Consulate in Bogota, Colombia, in May of 2019. During the interview Plaintiffs provided evidence that Mr. Viera Trochez had been the victim of identity theft in 2005, and that his identity had been used as an alias by an accused criminal in the United States.

13. The individual who used Mr. Viera Trochez' identity as an alias provided that alias to an officer of US Immigration and Customs Enforcement (ICE) on or about July 29, 2005, and a record under Mr. Viera Trochez' name was created by that agency. However, the Harris County Sheriff's office later confirmed that it was an alias used by one Aramis Centeno Ruiz, a career criminal, and said Mr. Centeno Ruiz was in fact convicted in Harris County, Texas, under that name for the offense of delivery of cocaine over 400 grams, concurrently investigated by ICE, on August 3, 2005.

14. In an effort to clear Mr. Viera Trochez' name, Plaintiffs acquired a letter from the Harris County Sheriff's Office verifying by fingerprint data that Mr. Viera Trochez "is not the same person who was booked into the Harris County jail under SPN#00981182."

15. On September 23, 2019, Plaintiffs through counsel contacted the US Consulate in Bogota and provided evidence of the stolen identity of Mr. Viera Trochez, including: the clearance letter from the Harris County Sheriff's Office, criminal case records for the drug trafficking offense in the name of Aramis Centeno Ruiz, information identifying Aramis Centeno Ruiz as "black" (Mr. Viera Trochez is Caucasian Hispanic), ICE records showing the use of "many names & D.O.B." used by the individual convicted as Aramis Centeno Ruiz.

16. Plaintiffs, through counsel, have also submitted Mr. Viera Trochez' FBI "rap sheet" based on his fingerprints exonerating him of the alleged drug trafficking charge. Additionally, USCIS biometric search results do not substantiate the allegation that Mr. Viera Trochez was ever charged or convicted on any drug trafficking offense. In fact, there is no biometric data connecting Mr. Viera Trochez to any drug-trafficking offense in the United States or any other country.

17. After the submission of the exculpatory evidence, the US Consulate in Bogota issued a new form response alleging the same grounds of inadmissibility but checking a box stating that Mr. Viera Trochez was eligible to apply for a waiver of that grounds of inadmissibility. However, when counsel for Plaintiffs advised the Consulate that there is no waiver in the law for that ground of inadmissibility, the Consulate issued a new decision denying Mr. Viera Trochez' application based on the drug-trafficking allegation.

18. When counsel for Plaintiffs requested the specific information underlying the Defendants' determination of inadmissibility, in order to address the specific source of that information and to provide exculpatory evidence for their consideration, the US Consulate in Bogota refused, on March 15, 2021.

19. To this date, Mr. Viera Trochez, the husband a United State citizen and father of two United States citizen children remains in Colombia, separated from his family under a permanent bar to reentry, due to his being a victim of identity theft.

## **CAUSE OF ACTION**

ACTION ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, OR OTHERWISE NOT IN ACCORDANCE WITH LAW, IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

20. Mandamus is an "extraordinary remedy" and requires a plaintiff "to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and, (3) no other adequate remedy is available." *Mustafa, et al. v. Pasquerell, et al.*, 2006 U.S. Dist. LEXIS 8047 at 7, citing *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) and *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

21. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 USC § 555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 USC § 706(1). The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 USC § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 USC § 706(2)(C); or "without observance of procedure required by law," 5 USC §

706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 USC § 551(13).

22. The duty owed by Defendants to the Plaintiffs is statutory. 8 USC § 1154(b); INA § 204(b). Defendants had a "duty" to determine whether a visa should be granted, based on the approved petition. The statute in question states in relevant part, "[a]fter an investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) [1151(b)] of this title…, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular office concerned to grant the preference status." 8 USC § 1154(b); INA 204(b).

23. In refusing to provide Plaintiffs with the specific information prejudicial to Mr. Viera Trochez, and in failing to afford him the opportunity to submit any explanation or exculpatory evidence specific to the allegation, Defendants have deprived Plaintiffs of their due process rights and have shown that their actions were arbitrary and capricious, an abuse of discretion and not in accordance with law. See *American Academy of Religion v. Napolitano*, 573 F.3d 115, 118 (2nd Cir. 2009)("[W]e conclude that the record does not establish that the consular officer who denied the visa confronted Ramadan with the allegation that he had knowingly rendered material support to a terrorist organization, thereby precluding an adequate opportunity for Ramadan to attempt to satisfy the provision that exempts a visa applicant from exclusion under the "material support" subsection if he

"can demonstrate by clear and convincing evidence that [he] did not know, and should not reasonably have known, that the organization was a terrorist organization.").

24. Defendants BLINKEN and BROWNLEE have made no showing that they have provided Plaintiffs with a meaningful opportunity to rebut the allegations with exculpatory evidence, thus the decision of the Defendants to refuse the immigrant visa at issue here was arbitrary, capricious and not in accordance with law.

25. Accordingly, the Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## REQUEST FOR DECLARATORY RELIEF

26. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully request declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration that the Defendants have acted in an arbitrary and capricious manner not in accordance with law and to the detriment of the Plaintiffs. The Plaintiff also request that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enter any further declaratory, mandatory, or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## REQUEST FOR ATTORNEY FEES AND COSTS

27. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which she respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412.  The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## PRAYER

28. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:
    (a) requiring Defendants to rescind their immigrant visa refusal and provide Plaintiffs with all relevant information in order to afford a reasonable opportunity to rebut any credible accusation of inadmissibility;
    (b) issue a declaratory judgment stating that Defendants' of the Plaintiffs' petition and attendant application is arbitrary and capricious, clearly contrary to law, and an abuse of discretion, and that Plaintiffs are entitled to rebut any accusation of inadmissibilty, as per statute and regulation;
    (c) awarding Plaintiffs reasonable attorney's fees; and

(d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax

## CERTIFICATE OF SERVICE

I, Lawrence E. Rushton, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus", including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

Merrick Garland
Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC  20530-0001

Antony J. Blinken
Secretary of State
The Executive Office
Office of the Legal Advisor
Room 5519
US Department of State
2201 C St., NW
Washington, DC 20520-6310

Ian G. Brownlee
Assistant Secretary of State
The Executive Office
Office of the Legal Advisor
Room 5519
US Department of State
2201 C St., NW
Washington, DC 20520-6310

Jennifer Lowery
Acting US Attorney
1000 Louisiana, Ste. 2300
Houston, TX  77002


On this the 3rd day of August 2021.

Respectfully submitted,

/s/Lawrence E. Rushton

Lawrence E. Rushton
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop S., Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax