IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIZABETH CASTRO and §<br>LUIS VIERA TROCHEZ, §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>ANTONY J. BLINKEN, IAN G. §<br>BROWNLEE, and MERRICK GARLAND, §<br>§<br>Defendants. § | CIVIL ACTION NO. H-21-2494 |

### MEMORANDUM OPINION AND ORDER

On August 2, 2021, plaintiffs Elizabeth Castro and Luis Viera Trochez ("Plaintiffs") filed this action against U.S. Secretary of State Antony J. Blinken, et al., ("Defendants") "to compel action on a Petition for Alien Relative (Form I-130) and the attendant application for immigrant visa" that Castro filed on behalf of Trochez.[1] On October 31, 2021, Defendants filed the pending Motion to Dismiss ("Defendants' Motion") (Docket Entry No. 5). Plaintiffs filed a Reply in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Reply") (Docket Entry No. 8) on November 16, 2021. Defendants filed Defendants' Reply in Support of Motion to Dismiss and Opposition to Plaintiffs' Response (Docket Entry No. 9) on

---

[1] Plaintiff's Original Complaint for Writ in the Nature of Mandamus, and for Declaratory Judgment ("Complaint"), Docket Entry No. 1, pp. 1-2 ¶ 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

November 24, 2021. For the reasons stated below, Defendants' Motion will be granted.

## I. Factual and Procedural Background

On January 16, 2014, plaintiff, Elizabeth Castro, filed a petition for an alien relative (Form I-130) with U.S. Citizenship and Immigration Services ("USCIS") on behalf of her husband, plaintiff Luis Viera Trochez.[2] The petition was approved by USCIS on July 8, 2014, and sent to the U.S. Department of State for further processing.[3] Before being scheduled for an immigrant visa interview, Trochez applied for and was granted a provisional unlawful presence waiver by USCIS.[4]

Plaintiffs allege that Trochez attended an interview at the U.S. Consulate in Bogota, Colombia, in May of 2019, and that during the interview he provided evidence that he had been the victim of identity theft in 2005 and that his identity had been used as an alias by an accused criminal in the United States.[5] A consular officer denied Trochez's petition pursuant to 8 U.S.C.

---

[2] Complaint, Docket Entry No. 1, p. 4 ¶ 10; Defendants' Motion, Docket Entry No. 5, p. 9.

[3] Id.

[4] Complaint, Docket Entry No. 1, p. 4 ¶ 11; see also Defendants' Motion, Docket Entry No. 5, p. 6 ("Plaintiffs' petition was initially pre-approved by the USCIS, and per proper protocol submitted for further visa eligibility determination and processing by the U.S. Department of State's U.S. Consulate in Bogota, Colombia.").

[5] Complaint, Docket Entry No. 1, p. 5 ¶ 12.

§ 1182(a)(2)(C)(i).[6] Defendants state that "[t]he Consulate had obtained reliable intelligence linking Trochez to trafficking of controlled substances, resulting in the determination that Trochez was ineligible for approval of the petition."[7]

Plaintiffs allege that the denial of Trochez's immigrant visa was "arbitrary and capricious and not in accordance with law."[8] Defendants argue that the court "lacks jurisdiction to consider requests for review of consular visa decisions."[9]

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of lack of subject matter jurisdiction by motion. Courts may dismiss for lack of subject matter jurisdiction based on either "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Williams v. Wynne, 533 F.3d 360, 365 n.2 (5th Cir. 2008) (quoting Clark v.

---

[6]Complaint, Docket Entry No. 1, p. 2 ¶ 1; Defendants' Motion, Docket Entry No. 5, p. 7.

[7]Defendants' Motion, Docket Entry No. 5, p. 6.

[8]Complaint, Docket Entry No. 1, p. 2 ¶ 1.

[9]Defendants' Motion, Docket Entry No. 5, p. 7.

Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Environment, 118 S. Ct. 1003, 1017 (1998); see also Villarreal v. Smith, 201 F. App'x 192, 195 (5th Cir. 2006) (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)) ("The party invoking federal court jurisdiction bears the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction.").

### III. Analysis

Trochez's visa application was denied pursuant to 8 U.S.C. § 1182(a)(2)(C),[10] which states that

> [a]ny alien who the consular officer or the Attorney General knows or has reason to believe--
>
> > (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so; . . .
>
> is inadmissible.

The decision to grant or deny a visa application rests with the consular officer. See 8 U.S.C. § 1201(a)(1)(A) (providing that "a consular officer may issue . . . to an immigrant who has made proper application therefor, an immigrant visa . . . .")

---

[10]Complaint, Docket Entry No. 1, p. 2 ¶ 1; Defendants' Motion, Docket Entry No. 5, pp. 9-10.

(emphasis added). The Immigration and Nationality Act confers upon consular officers the authority to issue or deny a visa and exempts the exercise of this power from review by the Secretary of State. 8 U.S.C. § 1104(a)(1).

"'Congress has plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden.'" United States v. Lopez-Vasquez, 227 F.3d 476, 484 (5th Cir. 2000) (quoting Boutilier v. Immigration and Naturalization Service, 87 S. Ct. 1563, 1567 (1967)). This "plenary congressional power to make policies and rules for exclusion of aliens" can be and has been delegated to the Executive. Kleindienst v. Mandel, 92 S. Ct. 2576, 2585 (1972); see also Yafai v. Pompeo, 912 F.3d 1018, 1020 (7th Cir. 2019) ("Congress has delegated the power to determine who may enter the country to the Executive Branch, and courts generally have no authority to second-guess the Executive's decisions.").

"[T]he admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" Trump v. Hawaii, 138 S. Ct. 2392, 2418 (2018) (quoting Fiallo v. Bell, 97 S. Ct. 1473, 1478 (1977)). "[T]he denial of visas to aliens is not subject to review by the federal courts." Centeno v. Shultz, 817 F.2d 1212, 1213 (5th Cir. 1987). This principle, known as the doctrine of consular nonreviewability, "holds that a consular official's decision to issue or withhold a visa is not

subject to judicial review, at least unless Congress says otherwise." Saavedra Bruno v. Albright, 197 F.3d 1153, 1159 (D.C. Cir. 1999); see also Liberty Church of the Assemblies of God v. Pompeo, 470 F. Supp. 3d 74, 77 (D. Mass. 2020), appeal dismissed sub nom. Liberty Church of Assemblies of God v. Blinken, No. 20-1707, 2021 WL 5355640 (1st Cir. Nov. 10, 2021) ("A court generally may not review a consular officer's decision to deny a visa to an individual."); Chiang v. Skeirik, 582 F.3d 238, 242 (1st Cir. 2009) ("Under the doctrine of consular nonreviewability, in immigration disputes nonconstitutional issues are generally outside the jurisdiction of the courts.").

The doctrine of consular nonreviewability is susceptible to two narrow exceptions: "First, an American citizen can challenge the exclusion of a noncitizen if it burdens the citizen's constitutional right. The second occurs whenever the Congress says otherwise. In other words, an exception to the doctrine exists if a statute expressly authorizes judicial review of consular officers' actions." Baan Rao Thai Restaurant v. Pompeo, 985 F.3d 1020, 1024-25 (D.C. Cir. 2021) (internal quotations, citations, and alterations omitted). Plaintiffs argue that the first exception applies because the denial of the visa application violates Castro's "freedom of personal choice in matters of marriage and family life[,]" one of the liberties protected by the Fifth Amendment's Due Process Clause.[11] But while "[t]he Constitution

---

[11]Plaintiffs' Reply, Docket Entry No. 8, p. 5.

certainly protects an individual's right to marry and the marital relationship[,] . . . . [c]ourts have repeatedly held that these constitutional rights are not implicated when one spouse is removed or denied entry into the United States . . . ." Udugampola v. Jacobs, 795 F. Supp. 2d 96, 105 (D.D.C. 2011) (collecting cases).

Even if the court were persuaded that Plaintiffs had alleged a violation of a constitutional right, that alone would not be enough to confer jurisdiction. Where the constitutional exception to the doctrine of consular nonreviewability applies, "a court is empowered to engage[] in a limited review — known as 'Mandel review' — of the consular officer's denial of the visa." Burris v. Kerry, Case No. 4:12-CV-728, 2014 WL 1267272, at *4 (E.D. Tex. March 27, 2014) (internal quotations and citation omitted). "If, upon such review, the court finds that the consular officer denied the visa 'on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of discretion, nor test it by balancing its justification against the [constitutional] interests.'" Gogilashvili v. Holder, No. 11-CV-01502 (RRM), 2012 WL 2394820, at *5 (E.D.N.Y. June 25, 2012) (quoting American Academy of Religion v. Napolitano, 573 F.3d 115, 125 (2d Cir. 2009)).

Plaintiffs rely on the decision of Bustamante v. Mukasey, 531 F.3d 1059 (9th Cir. 2008), to establish their right to judicial review.[12]  However, the Bustamante court held that if a consular

---

[12]Plaintiffs' Reply, Docket Entry No. 8, p. 5.

official has "reason to believe" that a visa applicant is involved in drug trafficking, that belief "is plainly a facially legitimate reason, as it is a statutory basis for inadmissibility." 531 F.3d at 1062. The Supreme Court has also held that the Government's decision to exclude an alien because he does not satisfy a statutory condition for admissibility is facially legitimate. See Kerry v. Din, 135 S. Ct. 2128, 2140 (2015) (Kennedy, J., concurring). Because Plaintiffs do not allege that the consular official acted in bad faith, there is no reason for the court to inquire into whether the decision was "bona fide." See Bustamante, 531 F.3d at 1062 (declining to remand for further factual development to determine whether the reason given for a visa denial "was bona fide as well as facially legitimate" because "the complaint fails to make an allegation of bad faith sufficient to withstand dismissal"). The court concludes that Trochez's visa application was denied for a facially legitimate and bona fide reason, and therefore "the decision will not be disturbed." See Bustamante, 531 F.3d at 1062.

Plaintiffs argue that "[i]t is impossible for [the court] to know whether or not the visa denial at issue here was 'facially legitimate and bona fide' without recourse to the record used by the Defendants in making said decision."[13] Plaintiffs contend that the only evidence of Trochez's participation in drug trafficking is

---

[13]Id. at 6.

-8-

that a drug trafficker stole his identity and used his name as an alias.[14] But for the reasons explained above, the court cannot inquire into the sufficiency of the evidence that led to the consular official denying Trochez's visa. In citing 8 U.S.C. § 1182(a)(2)(C)(i), the consular official provided a "legitimate and bona fide reason" for denying Trochez's visa, and that is where the court's inquiry ends.

Plaintiffs argue that despite the doctrine of consular nonreviewability, the court has subject matter jurisdiction through the Administrative Procedure Act ("APA").[15] The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. But the statute also states that it does not affect "other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground[.]" Id. One such "limitation[] on judicial review" is the consular nonreviewability doctrine. See Bruno, 197 F.3d at 1160. See also Perales v. Casillas, 903 F.2d 1043, 1047-48 (5th Cir. 1990) (the APA does not permit review of discretionary decisions by agencies); Pedrozo v. Clinton, 610 F. Supp. 2d 730, 735 (S.D. Tex. 2009) (citing Perales, 903 F.2d at 1047) ("Plaintiffs argue that despite the consular non-

---

[14] Id.

[15] Id. at 9.

reviewability doctrine, the Court maintains subject matter jurisdiction pursuant to the APA and the Mandamus Act. . . . However, the Fifth Circuit has rejected such jurisdictional claims.").

The court concludes that Plaintiffs have not met their burden of proving "by a preponderance of the evidence, that the court has subject matter jurisdiction." See Villarreal, 201 F. App'x at 195. Because the doctrine of consular nonreviewability prevents the court from exercising jurisdiction, Defendants' Motion will be granted, and this action will be dismissed.[16]

## IV. Conclusion and Order

For the reasons explained above, the court concludes that it lacks subject matter jurisdiction over this action. Accordingly, Defendants' Motion to Dismiss (Docket Entry No. 5) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 20th day of January, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[16]Defendants brought a motion to dismiss "in the alternative, for Plaintiffs' failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6)" (Defendants' Motion, Docket Entry No. 5, p. 1). Because the court is dismissing this action pursuant to Fed. R. Civ. P. 12(b)(1), there is no need to examine Defendants' 12(b)(6) motion.